[No. 20430.   In Bank. — September 25, 1888.]

THE PEOPLE, RESPONDENT, *v.* CHARLES SWAR-
BRICK, APPELLANT.

CRIMINAL LAW — BURGLARY — INSTRUCTION. — An instruction characterizing
the defense that a defendant accused of burglary was not one of the par-
ties that entered the house, as a defense "attempted to be shown," does
not cast any slur or discredit on the defense, and is proper when the
evidence is conflicting as to the matter of the defense.

APPEAL from a judgment of the Superior Court of
Alameda County, and from an order refusing a new trial.

The defendant was convicted of the crime of burglary,
in entering a house with intent to commit larceny.
There was a conflict in the evidence as to the identity
of the defendant with one of the parties who entered
the house. The further facts are stated in the opinion
of the court.

*R. M. Fitzgerald*, for Appellant.

*Attorney-General Johnson*, for Respondent.

SHARPSTEIN, J.—The only question presented for our
consideration by the record on this appeal is, whether
the court erred in giving the following instruction to
the jury:—

"The defense in this action is, as attempted to be
shown by the defense, that the defendant was not one of
the parties that entered the house, and that the com-
plaining witness was mistaken as to the identity of the
party whom she saw there. Now, that is a matter en-
tirely with you. If the evidence does not satisfy you
that he was in fact one of the parties that was in there,
then of course you cannot find him guilty."

Counsel for appellant insists that the court, by this
instruction, "characterized the defendant's defense as an
attempted defense." He did **not** characterize it as a

futile defense, nor cast any slur or discredit upon it. He told the jury that the defense, as attempted to be shown, was, that the defendant was not one of the parties that entered the house. Whether that was shown, was for the jury to determine. In view of the conflicting evidence, it would have been error for the court to have instructed the jury that it had been shown that the defendant did not enter the house.

We discover no error in the record.

Judgment affirmed.

SEARLS, C. J., McFARLAND, J., PATERSON, J., THORNTON, J., and McKINSTRY, J., concurred.